IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HAROLD TOMLIN HODGES JR., | ) CIV. NO. 19-00547 JAO-WRP |
|---|---|
| Petitioner, | ) ORDER DENYING MOTION FOR |
| | ) MANDAMUS AND IN FORMA |
| vs. | ) PAUPERIS APPLICATION |
| CIRCUIT COURT OF THE SECOND CIRCUIT, | ) |
| Respondent, | ) |

**ORDER DENYING MOTION FOR MANDAMUS AND
IN FORMA PAUPERIS APPLICATION**

Before the Court is Petitioner Harold Tomlin Hodges Jr.'s ("Hodges[']") Motion for Mandamus and Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF Nos. 1, 3. Hodges asks this Court to command the Circuit Court of the Second Circuit, State of Hawaiʻi ("state circuit court"), to rule on his Hawaiʻi Rules of Penal Procedure 40 post-conviction petition ("Rule 40 Petition") and motion to dismiss.[1]

---

[1] Hodges apparently challenges his December 2, 2016 conviction in *State v. Hodges*, Cr. No. 16-1-0422(1) (Haw. 2d Cir. Ct. 2016) in his Rule 40 Petition. *See* https://www.courts.state.hi.us (follow "eCourt Kokua"; then follow "Case Search" for Case ID 2PC161000422) (last visited Nov. 2, 2019).

For the following reasons, Hodges' Motion for Mandamus and IFP Application are DENIED. This action is TERMINATED.

## I. **SCREENING**

The Court is required to conduct a pre-answer screening in all prisoner actions pursuant to 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *See Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Franklin*, 745 F.2d at 1227.

Screening under § 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" does not meet this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If a claim or complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. IN FORMA PAUPERIS APPLICATION

When Hodges submitted his IFP Application, he concurrently paid the $400 civil and administrative filing fee in full. To the extent Hodges sought in forma pauperis status to qualify for service of his suit by a court officer, or for appointment of counsel, his IFP application is incomplete because it lacks prison

certification attesting to the amount in his prison account. *See* 28 U.S.C. § 1915(a). More importantly, Hodges states that he has $10,508.16 in his spendable prison trust account. As a prisoner whose basic needs are subsidized by the State, Hodges does not qualify as a pauper and his IFP Application is DENIED.

### III. **DISCUSSION**

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)); *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) ("Mandamus is an extraordinary remedy granted in the court's sound discretion." (citing *Miller v. French*, 530 U.S. 327, 339 (2000))). *See also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." (citation omitted)).

Traditionally, mandamus has been used as a means to confine an inferior court to the lawful exercise of its jurisdiction or to compel it to exercise its authority. *See Borja v. U.S. Dist. Court for the N. Mariana Islands*, 919 F.2d 100, 101 (9th Cir.1990). Mandamus relief is only available to compel an officer of the

United States to perform a duty if (1) the claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Johnson*, 349 F.3d at 1154. Even if the petitioner meets this test, the district court retains discretion to deny relief. *See R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997).

A state court is not an "inferior court" to a federal district court, nor are state court judges officers of the United States. Thus, federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *See Clark v. Washington*, 366 F.2d 678, 680-81 (9th Cir. 1966) (holding the federal court lacked jurisdiction over disbarred attorney's suit seeking to vacate judgment of disbarment in the state court); *see also Demos v. U.S. Dist. Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court," and petitions seeking such relief "are frivolous as a matter of law."); *Esparza v. Lizarraga*, Case No. 2:17-cv-03168-AB-MAA, 2019 WL 5589040, at *2 (C.D. Cal. Oct. 28, 2019).

Hodges' claims are legally frivolous and his Motion for Mandamus is DENIED. Amendment is clearly futile, and thus this denial is with prejudice.

# VI. **CONCLUSION**

(1) Hodges' Application to Proceed In Forma Pauperis by a Prisoner is DENIED.

(2) Hodges Motion for Mandamus is DENIED and this action is DISMISSED with prejudice.

(3) The Clerk is DIRECTED to close the file and enter judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, November 25, 2019.

Jill A. Otake
United States District Judge

*Hodges v. Circuit Court of the Second Circuit*, Civ. No. 19 00547 JAO WRP; Hab. '19